1  Dawniell Alise Zavala (CA State Bar No. 253130)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      dawniell.zavala@hro.com
5
6  Attorneys for Plaintiffs,
   SONY BMG MUSIC ENTERTAINMENT;
7  ARISTA RECORDS LLC; UMG RECORDINGS,
   INC.; BMG MUSIC; and WARNER BROS.
8  RECORDS INC.

9

10                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
11                            DIVISION

12

13  SONY BMG MUSIC ENTERTAINMENT, a          CASE NO. _____
    Delaware general partnership; ARISTA
14  RECORDS LLC, a Delaware limited liability  COMPLAINT FOR COPYRIGHT
15  company; UMG RECORDINGS, INC., a          INFRINGEMENT
    Delaware corporation; BMG MUSIC, a New
16  York general partnership; and WARNER BROS.
    RECORDS INC., a Delaware corporation,
17
18              Plaintiffs,
        v.
19

20  OCAPUNITAN IVY AKA O.C. IVY,
21
22              Defendant.

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#38509 v1

**JURISDICTION AND VENUE**

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2.      This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.      This Court has personal jurisdiction over the Defendant, Ocapunitan Ivy (AKA O.C. Ivy), and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

**PARTIES**

4.      Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

5.      Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.      Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7.      Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

8.      Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

9.      Plaintiffs are informed and believe that Defendant is an individual who resided in Antioch, California, within this District at the time of the infringement complained of herein.  Upon information and belief, Defendant may still be found in this District.

1

# COUNT I

## INFRINGEMENT OF COPYRIGHTS

10.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

11.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

12.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

13.     Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

14.     Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a

2

1  router) that connects to a P2P network must have a unique IP address within the Internet to deliver
2  files from one computer or network device to another. Two computers cannot effectively function if
3  they are connected to the Internet with the same IP address at the same time.

4       15.    Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP
5  address 75.18.161.28 on August 22, 2007 at 00:54:14 EDT distributing 413 audio files over the
6  Internet. The Defendant was identified as the individual responsible for that IP address at that date
7  and time. Plaintiffs are informed and believe that as of August 22, 2007, Defendant, without the
8  permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to
9  download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date
10 and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission
11 or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's
12 continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted
13 Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has
14 violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute
15 infringement of Plaintiffs' copyrights and exclusive rights under copyright.

16      16.    In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and
17 believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded
18 and/or distributed to the public additional sound recordings owned by or exclusively licensed to
19 Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are
20 ongoing.

21      17.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on
22 each respective album cover of each of the sound recordings identified in Exhibit A. These notices
23 of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.
24 These published copies were widely available, and each of the published copies of the sound
25 recordings identified in Exhibit A was accessible by Defendant.

26      18.    Plaintiffs are informed and believe that the foregoing acts of infringement have been
27 willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

28

3

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#38509 v1

19.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

20.    The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.        For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.        For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.        For Plaintiffs' costs in this action.

4.        For Plaintiffs' reasonable attorneys' fees incurred herein.

4

5.    For such other and further relief as the Court may deem just and proper.


Dated:    July 1, 2008                    HOLME ROBERTS & OWEN LLP

                                  By    _____
                                        DAWNIELL ZAVALA
                                        Attorney for Plaintiffs
                                        SONY BMG MUSIC ENTERTAINMENT;
                                        ARISTA RECORDS LLC; UMG RECORDINGS,
                                        INC.; BMG MUSIC; and WARNER BROS.
                                        RECORDS INC.

5

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____

# EXHIBIT A

# EXHIBIT A

## OCAPUNITAN IVY (AKA O.C. IVY)

**IP Address:** 75.18.161.28 2007-08-22 00:54:14 EDT          **CASE ID#** 139798067

**P2P Network:** Gnutella          **Total Audio Files:** 413

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | The Ataris | The Boys of Summer | So Long, Astoria | 332-822 |
| Arista Records LLC | Brooks & Dunn | Rock My World | Hard Workin' Man | 168-005 |
| UMG Recordings, Inc. | Lifehouse | You And Me | Lifehouse | 370-643 |
| BMG Music | Natalie Imbruglia | Torn | Left of the Middle | 246-607 |
| BMG Music | Brad Paisley | She's Everything | Time Well Wasted | 366-007 |
| UMG Recordings, Inc. | The All-American Rejects | Can't Take It | Move Along | 374-412 |
| SONY BMG MUSIC ENTERTAINMENT | Crossfade | Colors | Crossfade | 354-126 |
| Warner Bros. Records Inc. | Michael Buble | Home | Home (single) | 370-204 |
| Arista Records LLC | Monica | Angel of Mine | The Boy is Mine | 263-982 |
| SONY BMG MUSIC ENTERTAINMENT | Dixie Chicks | Hello Mr. Heartache | Fly | 275-086 |